

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable L. W. Vance
County Attorney
Titus County
Mt. Pleasant, Texas

Dear Mr. Vance:

Opinion No. 0-7350

Re: Shutdown of one week by a
newspaper to install a new
press as an element of eli-
gibility of such paper to
accept legal publications.

Your request for an opinion upon the above subject
matter is as follows:

"I have your opinion before me and taken with
the other opinion No. 0-7112 it is a little confus-
ing as regarding the immediate matter that I want-
ed your opinion on. You have rendered the opinion
that certain breaks in publication on account of
accident, casualty and the like would not be such
a break as to render a paper ineligible to accept
legal publications.

"The daily newspaper here which same company
also publishes a weekly paper closed down entire-
ly for one whole week in order to install a new
press. In your opinion would this be cause enough
to permit the paper to close down and still be eli-
gible to continue to publish legal notices or is
this in your opinion a case in which a fact issue
might be involved?"

It is the opinion of this department that your
specific question should be answered to the effect that
such shutdown for one week, in order to install a new press,
would not render the paper ineligible thereafter to publish
legal notices under the law.

You have correctly quoted our holding in Opinion
No. 0-7286, that a break in publication on account of accident,
casualty, and the like, would not constitute such a break as to

580

render a paper ineligible to accept legal publications.

We think the type of cause for the failure to put out an issue of a newspaper mentioned by you is a casualty. Webster's New International Dictionary thus defines the word "casualty": "1. Chance; accident; contingency; also that which happens without design, or without being foreseen; an accident." This is the sense of the word "casualty" in which we used it in our opinion. Certainly, the necessity for discarding a press and installing a new one in a newspaper printing office is not an act of design, but arises from a contingency, that is, the inadequacy or unfitness of the press justifying its replacement.

The word "casualty" is of broader significance than the word "accident"; thus a destruction of a press by lightning would not be an accident, but it undoubtedly would be a casualty. Moreover, if the press were blown up by an incindiary's bomb, it would not be an accident, but would be a casualty of the first rank. Our language quoted by you -- "accident, and casualty, or the like", was even broader in its scope than either or both of the words "accident" and "casualty". It would include other delays or interruptions from similar causes for a break in publication.

Moreover, the rule we have announced is not limited to those accident and casualty situations, which create an absolute necessity for interruption, but on the contrary, would include those situations where the exigencies of the business required better facilities and service, or lack of publication was due to labor troubles, shortage of paper, and the like, or humanitarian considerations, such as observing the Christmas and New Year's holidays, impelled the order -- "time off".

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
ASSISTANT

OS-MR